IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 JUN 24   AM 11: 55

| | |
|---|---|
| **CLIFFORD D. BEDGOOD and ALLISON BEDGOOD,**<br>                    Plaintiffs,<br><br>-vs-<br><br>**NISSAN NORTH AMERICA, INC., BERKSHIRE HATHAWAY AUTOMOTIVE, INC., and NISSAN MOTOR ACCEPTANCE CORPORATION,**<br>                    Defendants. | **CAUSE NO.:**<br>**A-16-CA-00281-SS** |

## <u>O R D E R</u>

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Nissan North America, Inc.'s Motion to Dismiss [#4]. Plaintiffs Clifford Bedgood and Allison Bedgood have not responded. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This case involves claims for breach of warranty, negligence, and breach of contract. On July 12, 2013, Plaintiffs Clifford Bedgood and Allison Bedgood purchased a new Nissan Pathfinder from Defendant Berkshire Hathaway Automotive, Inc. (Berkshire) for $50,473.27. Plaintiffs claim the total cost of the vehicle, including financing charges, will exceed $150,000.00.

According to Plaintiffs, Defendants Berkshire Hathaway Automotive, Inc. (Berkshire) and Nissan North America, Inc. (Nissan) expressly warranted any repairs during the warranty period due to defects in materials or workmanship. Plaintiffs also allege an implied warranty of



merchantability arose in connection with the sale of the Pathfinder and an implied warranty that any repair work would be performed in a good and workmanlike manner. Plaintiffs allege they discovered defects in the Pathfinder's materials and workmanship within the warranty period, including transmission defects, a transmission control unit defect, external cosmetic defects, and a door defect. Although Plaintiffs delivered their Pathfinder to authorized warranty service dealers for repairs, Plaintiffs allege the more significant and dangerous conditions were not repaired and the defects which remain today substantially impair the vehicle's use, value, and safety. Plaintiffs also assert a lender liability claim against Defendant Nissan Motor Acceptance Corporation (Nissan Motor).

Nissan moves to dismiss this lawsuit, arguing Plaintiffs failed to plead viable causes of action for breaches of express and implied warranties, violations of the Magnuson-Moss Warranty Act (MMWA) and the Texas Deceptive Trade Practices Act (DTPA), negligence, and breach of contract. The Court turns to the substance of this motion below.

## Analysis

### I.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at

2

678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

II. **Application**

Nissan argues Plaintiffs have failed to adequately plead their claims for breach of warranty, violations of the DTPA, and breach of contract, and additionally contends the economic loss rule bars recovery on Plaintiffs' negligence claims. Plaintiffs have failed to respond to Nissan's motion to dismiss in contravention of Local Rule CV-7(e)(2). Having reviewed the merits of Nissan's motion below, the Court agrees with Nissan and DISMISSES all of Plaintiffs' claims but their common law and MMWA claims for breach of the implied warranty of merchantability.

### A.     Common Law Warranty Claims

Plaintiffs assert common law claims for breach of express warranty and the implied warranty of merchantability. Nissan challenges Plaintiffs' warranty claims on the grounds that Plaintiffs have failed to state a plausible claim for relief. Plaintiffs offer no defense of their claims.

####    i.     Express Warranty

First, Plaintiffs allege a claim for breach of express warranty. To prevail on a claim for breach of an express warranty, a plaintiff must show:

> (1) the defendant-seller made an express affirmation of fact or promise relating to the goods;
> (2) that affirmation or promise became part of the bargain;
> (3) the plaintiff relied upon that affirmation or promise;
> (4) the goods did not comply with the affirmation or promise;
> (5) the plaintiff was damaged by the noncompliance; and
> (6) the failure of the product to comply was the proximate cause of the plaintiff's injury.

*Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 814–15 (S.D. Tex. 2013).

In this case, Plaintiffs allege "advertisements and statements in written promotional and other materials" amounted to an express warranty that the Pathfinder was free from latent defects, as did a written statement from Nissan promising the Pathfinder was free of defects in materials and workmanship. Compl. [#1] ¶ 49. Not only have Plaintiffs failed to provide a cohesive description of the content, terms, and nature of these advertisements and statements, Plaintiffs have not alleged sufficient facts to show the alleged warranties formed "part of the basis of the bargain." *Id.* ¶ 14. Without more, the Court cannot reasonably infer an express warranty became part of the bargain and therefore DISMISSES Plaintiffs' claim for breach of express warranty.

### ii.     Implied Warranty

As to Nissan's alleged breach of the implied warranty of merchantability, however, the Court finds Plaintiffs have adequately pled this claim. "To prevail on a claim of breach of implied warranty of merchantability, a plaintiff must show as follows: (1) that the merchant sold goods to the plaintiff; (2) that the goods were unmerchantable, that is, unfit for ordinary purposes; (3) that the plaintiff notified the defendant of the breach; and (4) that the plaintiff suffered injury." *Hartford v. Lyndon-DFS Warranty Servs., Inc.*, No. 01-08-00398-CV, 2010 WL 2220443, at *11 (Tex. App.—Houston [1st Dist.] May 28, 2010, no pet.). In accordance with *Hartford*, Plaintiffs have alleged (1) Berkshire sold the Pathfinder to Plaintiffs, (2) the Pathfinder was unfit for ordinary purposes, (3) Plaintiffs notified the defendants of this breach, and (4) Plaintiffs thereafter suffered an injury. As a result, Nissan's motion to dismiss Plaintiffs' implied warranty of merchantability claim is DENIED.

### B.    MMWA Claims

Plaintiffs allege their claims for breach of express and implied warranty constitute violations of the MMWA. The MMWA "creates a statutory cause of action for consumers 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation [imposed by the Act] or [established by] a written warranty, implied warranty, or service contract.'" *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (quoting 15 U.S.C. § 2310(d)(1)). However, the MMWA "does not provide an independent basis for liability, but instead provides a federal cause of action for state law express and implied warranty claims." *Taliaferro v. Samsung Telecomm. Am.*, LLC, No. 3:11-CV-1119-D, 2012 WL 169704, at *10 (N.D. Tex. Jan. 19, 2012). Plaintiffs' MMWA claims are thus contingent upon their state law warranty claims. In this instance, only Plaintiffs' claim for breach of the implied

warranty of merchantability remains, and therefore their corresponding MMWA claim survives Nissan's motion to dismiss. Nevertheless, the failure of Plaintiffs' express warranty claim mandates dismissal of the corresponding MMWA claim. *Id.* at *11; *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004). Accordingly, the Court DISMISSES Plaintiffs' MMWA claim contingent on Plaintiffs' claim for breach of express warranty.

### C. DTPA Claims

Plaintiffs allege Nissan violated the DTPA by (1) breaching express and implied warranties, (2) making false, misleading, and deceptive statements which Plaintiffs relied on to their detriment, and (3) engaging in unconscionable conduct by selling Plaintiffs an allegedly defective vehicle. Compl. [#1] ¶ 25. Plaintiffs' DTPA claims, however, are barred by the two-year statute of limitations. *See* TEX. BUS. & COM. CODE § 17.565; *Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 719 (Tex. App.—San Antonio 1998, pet. denied) (holding the statute of limitations under the DTPA for claims for breach of express and implied warranty is two years). Plaintiffs assert Nissan's alleged misconduct occurred when it sold Plaintiffs a defective vehicle on July 12, 2013. Compl. [#1] ¶ 28. The limitations period therefore expired on July 12, 2015. *See* TEX. BUS. & COM. CODE § 17.565. Plaintiffs, however, did not file the instant suit until March 9, 2016, well after the two-year limitations period had passed, and Plaintiffs have alleged no facts from which the Court may infer the statute of limitations should be tolled. Nevertheless, in an abundance of caution, the Court considers the substance of Plaintiffs' claims below.

i. **Breach of Warranty**

Plaintiffs' DTPA claims for breach of express and implied warranty are dismissed for the reasons stated above in Section II.A. In addition, however, Plaintiffs have asserted a claim under the DTPA for breach of the implied warranty of good and workmanlike services which allegedly arose in connection with the repairs Nissan performed. *See* Compl. [#1] ¶ 12. Texas law "define[s] good and workmanlike as that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work." *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987). In this case, Plaintiffs simply allege Nissan "failed to perform the repair work in a good and workmanlike manner." Compl. [#1] ¶ 26. Without more factual content to support this conclusory allegation, the Court is unable to reasonably infer Nissan failed to provide good and workmanlike services. Plaintiffs' claim for breach of this implied warranty is therefore DISMISSED.

ii. **Misrepresentation**

Similarly, Plaintiffs' DTPA claim for misrepresentation is dismissed for failure to state a claim under Federal Rule of Civil Procedure 9(b). Claims made under the DTPA for misrepresentation are subject to the heightened pleading requirements of Rule 9(b). *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F. 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) ("Claims alleging violations of the . . . DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)."). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the

false representations, as well as the identity of the person making the representation and what he obtained thereby." *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *2 (N.D. Tex. Aug. 16, 2011). Plaintiffs have alleged no facts identifying the content of the alleged misrepresentations or the "who, what, when, where, and how" of these representations, *see Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005), and instead simply allege Nissan "misrepresented the characteristics, uses, benefits, standard and quality of defendant's [repair] services." Compl. [#1] ¶ 28. Such bare allegations are insufficient to meet the heightened pleading requirement under Rule 9(b), and therefore Plaintiffs' DTPA claim for misrepresentation is DISMISSED.

### iii. Unconscionable Conduct

Likewise, Plaintiffs' DTPA claim for unconscionable conduct is dismissed. To state a claim under the DTPA for unconscionable conduct, Plaintiffs must demonstrate Nissan engaged in conduct "which, to [Plaintiffs'] detriment, [took] advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM. CODE § 17.45(5). "An allegation of a mere breach of contract, without more, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA." *Ashford Dev., Inc. v. USLife Real Estate Servs. Corp.*, 661 S.W.2d 933, 935 (Tex. 1983). In interpreting Texas law, the Fifth Circuit has stated, "where 'allegedly unconscionable statements' are made but where the breach of the contract causes the harm, a plaintiff cannot maintain a claim for unconscionable conduct under the DTPA." *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 295 (5th Cir. 2016).

Plaintiffs allege Nissan acted unconscionably in selling and repairing the Pathfinder by "t[aking] advantage of the Plaintiffs' lack of knowledge, ability, experience, or capacity . . . to a grossly unfair degree." Compl. [#1] ¶ 29. This claim ultimately rests on their allegation that


Nissan falsely advertised the Pathfinder was free from inherent risk of failure or latent defects, when the Pathfinder was not, in fact, free from latent defects as was promised in the contract. In *Shakeri*, the Fifth Circuit held the plaintiffs' DTPA claim for unconscionable conduct was properly dismissed, because it amounted to an allegation that the defendant had breached its contract by falsely advertising its alarm system would work, when, in fact, it did not work as it was supposed to under the contract. 816 F.3d at 295. Like the plaintiffs' claim in *Shakeri*, Plaintiffs' claim for unconscionable conduct in this instance "amounts to a breach of contract claim," *id.*, and is therefore properly DISMISSED.

**D.     Negligence Claims**

Plaintiffs assert several negligence theories as a basis for recovery in tort, including negligence, negligent misrepresentation, and negligent repair. In response, Nissan contends Plaintiffs' negligence claims are barred by the economic loss doctrine. The economic loss doctrine "has been applied to preclude tort claims brought to recover economic losses against the manufacturer or seller of a defective product where the defect damages only the product and does not cause 'personal injury' or damage to 'other property.'" *Pugh v. Gen. Terrazzo Supplies, Inc.*, 243 S.W.3d 84, 91 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (internal quotation marks omitted); *see also Am. Eagle Ins. Co. v. United Techs. Corp.*, 48 F.3d 142, 144 (5th Cir. 1995) ("Texas does not permit recovery under a negligence theory for economic loss resulting from damage to a defective product."); *Hininger v. Case Corp.*, 23 F.3d 124, 126 (5th Cir. 1994) (reversing the district court's judgment allowing plaintiff to recover her lost profits and repair costs from defendant manufacturer under a negligence theory); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) ("When the only loss or damage is to the subject of the contract, the plaintiff's action is ordinarily on the contract.").

Plaintiffs seek to recover economic losses from Nissan, but have not claimed the allegedly defective Pathfinder caused personal injury or damage to property other than the Pathfinder itself. Accordingly, Plaintiffs' negligence, negligent misrepresentation, and negligent repair claims are DISMISSED.

E.     **Breach of Contract Claim**

Nissan argues Plaintiffs have failed to state a viable cause of action for breach of contract. To establish a breach of contract cause of action, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages suffered by the plaintiff as a result of the breach." *Beauty Mfg. Solutions Corp. v. Ashland, Inc.*, 848 F. Supp. 2d 663, 667 (N.D. Tex. 2012) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)). To survive a motion to dismiss, a plaintiff must provide enough factual allegations to draw a reasonable inference that the elements of his claim exist. *See Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 603 (N.D. Tex. 2014).

"A breach of contract . . . occurs when a party fails or refuses to perform an act that it expressly promised to do." *Gonzales v. Columbia Hosp. at Med. City Dall. Subsidiary LP*, 207 F. Supp .2d 570, 575 (N.D. Tex. 2002) (citing *Methodist Hosps. of Dall. v. Corp. Communicators, Inc.*, 806 S.W.2d 879, 882 (Tex. App.—Dallas 1991, writ denied)). To sufficiently allege a breach of contract claim, a plaintiff must identify a specific provision of the contract which the defendant allegedly breached. *See, e.g.*, *Bayway Servs., Inc. v. Ameri–Build Constr., L.C.*, 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("A petition in an action based on a contract must contain a short statement of the cause of action sufficient to give fair notice of

the claim involved, including . . . the substance of the contract which supports the pleader's right to recover.") (internal citation omitted).

Plaintiffs allege the "actions and/or omissions of Defendants described herein above constitute breach of contract, which proximately caused the direct and consequential damages to Plaintiffs." Compl. [#1] ¶ 62. Plaintiffs have failed to identify which provisions were breached or provide factual allegations about the terms of the contract Nissan allegedly breached. As a result, Plaintiffs' conclusory allegation that Nissan's "actions and/or omissions . . . described herein above constitute breach of contract" is insufficient to state a claim for relief. *See, e.g.*, *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 692 (E.D. Tex. 2009) ("[Plaintiff's] conclusory statement that 'the actions and/or omissions of Defendants described herein above constitute a breach of contract' does not suffice to meet the pleading requirements of Rule 8(a)."); *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1003–04 (S.D. Tex. 2011) (stating the plaintiffs failed to specify "key terms" of their contracts and "what and how they were breached"); *Hoffman v. L & M Arts*, 774 F. Supp. 2d 826, 837 (N.D. Tex. 2011) (finding the plaintiff failed to adequately plead her breach of contract claim because she did not allege "specific act or omission of [defendant] that failed to comply with its obligations" under the contract at issue); *Am. Realty Trust, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005) (concluding the complaint did not give "adequate notice as to the nature and scope of the breach of contract claim" where the complaint neither attached nor referenced disputed contract). Accordingly, the Court finds Plaintiffs have failed to plead sufficient facts to give rise to a plausible claim for breach of contract, and therefore DISMISSES Plaintiffs' breach of contract claim.

## Conclusion

Because the above-described deficiencies identified in Plaintiffs' complaint are equally applicable to Berkshire and Nissan Motor, the Court dismisses on its own motion these claims against Berkshire and Nissan Motor. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

Accordingly,

IT IS ORDERED that Defendant Nissan North America, Inc.'s Motion to Dismiss [#4] is GRANTED IN PART and DENIED IN PART as described in this opinion; and

IT IS FINALLY ORDERED that all of Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE except for their common law and MMWA claims for breach of the implied warranty of merchantability.

SIGNED this the 23rd day of June 2016.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE